## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TANYA ALLEN,

    Plaintiff,

v

BLARNEY CASTLE OIL CO.,

    Defendant.

_____/

Case No. 1:22-cv-01235

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Tanya Allen, by and through her attorneys, KONING & JILEK, P.C., and for her Complaint against the Defendant, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Tanya Allen lives in Manistee County, and worked in the Village of Bear Lake, prior to her constructive termination in Manistee County, Michigan.

2. Defendant Blarney Castle Oil Co. is a Michigan corporation doing business in Manistee County, Michigan, and is headquartered in Bear Lake, Manistee County.

3. The Defendant employs over 500 employees.

4. Plaintiff brings claims in this lawsuit under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §2000e et seq., and, supplementary, the Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. 37.2101 et seq.

5. Jurisdiction is proper in this Court under 28 U.S.C. §1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. §1343(a)(3) and (4), which authorize federal courts to hear civil rights cases; 28 U.S.C. §1367, which authorizes federal courts to exercise

supplemental jurisdiction over state-law claims arising from the same core operative facts; and M.C.L. 37.2801(2), which grants jurisdiction to state court for cases arising under the ELCRA, M.C.L. 27.2101 et seq.

6. Venue is proper because the parties reside in, and the majority of the events alleged took place in, the Western District of Michigan, Manistee County.

7. The damages claimed exceed all jurisdictional minimums.

## FACT ALLEGATIONS

8. Plaintiff was, at all relevant times, employed by Defendant.

9. Plaintiff is a married woman.

10. Plaintiff was employed as a receptionist and filled in numerous positions; she had been in this position since August, 2018.

11. Plaintiff worked on a team supervised by, in part, and did a variety of tasks for, a male supervisor/manager, Brian McCarthy, who, upon information and belief, was also an owner and officer of the Defendant.

12. Plaintiff had consistently received glowing employment reviews.

13. Defendant's employee, owner, and agent began harassing Plaintiff by being overly friendly and attentive to Plaintiff; shortly after Plaintiff began her employment, Brian McCarthy paid special attention to her and, in the legal parlance of harassment, began to groom her.

14. Plaintiff was sexually harassed and a hostile work environment started to exist when the grooming turned to actual harassment; in the fall of 2019, Plaintiff expressed her concerns to her supervisor, Michelle Mertes.

15.     After the attention became offensive and became severe and pervasive, the harassment continued and worsened, to wit:

    a.   McCarthy would email and text Plaintiff while she was at home; in some months, the number of texts were over 100 in number;

    b.   McCarthy became preoccupied with Plaintiff and would visit her at work when she was working at a location away from the main office;

    c.   McCarthy gave Plaintiff offensive presents;

    d.   McCarthy would compliment Plaintiff's appearance and smell;

    e.   McCarthy would tell Plaintiff that she looked "doable";

    f.   McCarthy would demand that Plaintiff pick him up, after hours, when he had consumed too much alcohol;

    g.   McCarthy would inquire about Plaintiff's absences; he offered to visit her when she took her grandson to a taekwondo tournament out of state;

    h.   McCarthy would ask Plaintiff to go on trips with him (i.e., Drummond Island) and indicated that he would lie to superiors about the reason she was not in the office;

    i.   McCarthy would stalk Plaintiff;

    j.   McCarthy would tell Plaintiff he loved her;

    k.   McCarthy would show Plaintiff obscene and pornographic photographs (including of himself) under the pretext of showing her photos of a store remodel;

    l.  McCarthy would say or participate in a variety of other offensive and hostile behaviors.

16. In April or May, 2021, McCarthy's offensive actions were brought to the attention of Frances Holmes, head of personnel relations.

17. Before and after this notification, Plaintiff had reported to numerous employees, owners, and management of the Defendant, including, but not limited to, Dennis B. McCarthy, William McCarthy, Dennis P. McCarthy, as well as her supervisor and other managers.

18. Upon information and belief, management of Defendant held a meeting with Brian McCarthy.

19. Upon information and belief, Brian McCarthy was told to "knock it off" in the spring or early summer of 2021.

20. Brian McCarthy did not "knock it off," but continued to harass Plaintiff and create and continue a severe and pervasive hostile work environment.

21. In September, 2021, Brian McCarthy invited Plaintiff to an overnight visit to Drummond Island where the Defendant had a store; McCarthy indicated he would "cover" for the Plaintiff's absence by lying to supervisors.

22. On April 19, 2022, Plaintiff was told by McCarthy that she smelled "like the beach'" and was "doable."

23. At other times after the meeting in which he was told to "knock it off," Brian McCarthy would say to Plaintiff as she sat at the receptionist desk that she was "a bitch," "f***ing rat," and other derogatory comments.

24. The continuing nature of the offensive and illegal behavior of Brian McCarthy was known and ignored by management; nothing was done to cause the behavior of McCarthy to cease and desist the severe and pervasive harassment.

25. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a "right to sue" letter, which was issued more than six months after filing. See, Exhibit 1.

26. The EEOC complaint was filed within a week or so of the last sexual and hostile comment.

27. This claim is one of continuing violations and the last offensive actions of Brian McCarthy occurred in the same month that the EEOC filing was made.

## COUNT I - VIOLATION OF TITLE VII

28. Plaintiff incorporates the above allegations by reference.

29. Plaintiff was employed by Defendant at all relevant times.

30. Title VII prohibits employers from discriminating against any individual regarding the compensation, terms, conditions, or privileges of employment because of the employee's sex. 42 U.S.C. § 2000e-2(a)(1).

31. Defendant, through the actions of its employee, agent, and supervisor, Brian McCarthy, violated federal law discrimination against an individual because of their gender, creation of a hostile work environment, and retaliation for exercising one's rights under an applicable statute.

32. Defendant, through the actions of its employee, agent, and supervisor, Brian McCarthy, violated federal law discrimination against an individual's gender; the harassment

included "sexual harassment," such as unwelcome sexual advances, requests for sexual favors, and other verbal or physical harassment of a sexual nature.

33. Defendant retaliated against Plaintiff when offering a return to work by transferring her to a much less friendly and remote work site which amounted to a demotion.

34. Defendant's employee did not end the harassment and hostile work environment; management was aware of the continuing harassment and failed to act to stop the harassment and hostile work environment.

35. Specifically, the actions of Brian McCarthy against Plaintiff constituted violations of "The Positive Work Environment" mandated in the Employee Handbook.

36. Specifically, the actions of Brian McCarthy against Plaintiff were Group 1 offenses according to the Employee Handbook, to wit:

    a.    #1;

    b.    #2;

    c.    #4;

    d.    #5;

    e.    #7;

    f.    #20; and

    g.    #27.

37. That Group 1 offenses were offenses of such severity that termination was warranted.

38. Instead of terminating Brian McCarthy, he was allowed to continue his illegal and offensive behavior without any disciplinary action whatsoever.

39. That the offensive and illegal behavior of Brian McCarthy violated Sections 2, 10, and 13 of Group 2 violations as found in the Employee Handbook.

40. Instead of disciplining Brian McCarthy, he was allowed to continue his illegal and offensive behavior without any disciplinary action whatsoever.

41. That the offensive and illegal behavior of Brian McCarthy violated the cell phone/texting prohibitions as found in the Employee Handbook.

42. Instead of disciplining Brian McCarthy for the above violations, McCarthy was allowed to continue his illegal, severe, pervasive, and offensive behavior without any disciplinary action whatsoever.

### COUNT II - VIOLATION OF THE ELCRA

43. Plaintiff incorporates the above allegations by reference.

44. Plaintiff was employed by Defendant at all relevant times.

45. The ELCRA prohibits employers from discriminating against any individual regarding the compensation, terms, conditions, or privileges of employment, because of the employee's sex. M.C.L. 37.2202(1)(a).

46. Defendant, through its employee/co-owner and supervisor, Brian McCarthy, harassed Plaintiff in the manner heretofore mentioned.

47. As a result of this discrimination, Plaintiff was constructively terminated from her employment.

48. The actions of Defendant's employee, Brian McCarthy, constitute an intentional infliction of emotional distress.

## COUNT III - DAMAGES

49. Plaintiff incorporates the above allegations by reference.

50. Plaintiff, as a result of the actions and inactions of the Defendant and its employee, has suffered and been diagnosed with:

    a. post-traumatic stress disorder;

    b. Prolonged grief disorder; and

    c. Persistent depressive disorder.

51. Plaintiff, as a result of the actions and inactions of the Defendant and its employee, has also and will in the future suffer:

    a. humiliation;

    b. anxiety;

    c. economic losses;

    d. wage loss, future wage loss, and loss of earning capacity; and

    e. punitive damages as the employer engaged in a discriminatory practice with reckless indifference to the federal protected rights of Plaintiff.

WHEREFORE, Plaintiff requests that the Court:

A. award damages to Plaintiff that reflect her economic losses;

B. award Plaintiff compensatory damages for her above damages, humiliation, and anxiety;

C. award Plaintiff punitive damages reflecting the blatant disregard Defendant demonstrated for Plaintiff's rights under both Title VII and the ELCRA;

    D.      award Plaintiff actual and statutory attorney fees, witness fees, and costs; and

    E.      grant any other relief the court deems appropriate or necessary.

                                                Respectfully submitted,

                                                KONING & JILEK, P.C.

Dated: December 28, 2022                        /s/ James H. Koning
                                                James H. Koning (P31622)
                                                Attorney for Plaintiff
                                                Koning & Jilek, P.C.
                                                8080 Moorsbridge Road, Suite 103
                                                Portage, MI 49024
                                                (269) 343-1500
                                                jkoning@koningjilek.com


## JURY DEMAND

Plaintiff, Tanya Allen, through her counsel, hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

                                                Respectfully submitted,

                                                KONING & JILEK, P.C.

Dated: December 28, 2022                        /s/ James H. Koning
                                                James H. Koning (P31622)
                                                Attorney for Plaintiff
                                                Koning & Jilek, P.C.
                                                8080 Moorsbridge Road, Suite 103
                                                Portage, MI 49024
                                                (269) 343-1500
                                                jkoning@koningjilek.com

# EXHIBIT 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Detroit Field Office**
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 378-2470
Website:  www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/29/2022

**To:** Tanya Allen
8363 Lumley Road
Bear Lake, MI 49614
Charge No: 471-2022-03482

EEOC Representative and email:   Adwya Saeed
Federal Investigator
adwya.saeed@eeoc.gov

---

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 471-2022-03482.

On behalf of the Commission,

Digitally Signed By:Michelle Eisele
11/29/2022
Michelle Eisele
District Director

**Cc:**
Sean F Crotty
HONIGMAN LLP
660 WOODWARD AVE STE 2290
Detroit, MI 48226

Frances  Holmes
Blarney Castle Oil Company
12218 WEST ST PO BOX 246
Bear Lake, MI 49614

James Konig
Koning & Jilek, P.C.
8080 Moorsbridge Rd Suite 103
Portage, MI 49024


Please retain this notice for your records.